IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN DUNIGAN,

    Petitioner,                    No. CIV S-11-0961 FCD EFB P

    vs.

ROBERT HICKMAN, et al.,

    Respondents.                ORDER

                          /

      Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has paid the filing fee.

      A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It appears from the petition that petitioner intends to challenge a December 8, 2009 murder conviction imposed by the Sacramento County Superior Court. The pending application is approximately 50 pages in length and is accompanied by nearly 500 pages of exhibits. Despite its length, or in some respects because of its length, it is not clear from the petition the precise grounds for relief petitioner intends to raise.

////

The court requires pro se litigants, such as petitioner, to file petitions for writ of habeas corpus on the proper form, which is provided by this court. E.D. Cal. L.R. 190(b); *see also* Rule 2(d), Rules Governing Section § 2254 Cases. The pending application was not filed on the proper form. Petitioner is hereby notified that in order for this court to review his application, he must refile his petition on the proper form. Furthermore, although petitioner may submit a separate memorandum to support his petition for relief, **the court's application form must contain all relevant claims**, and must provide the court with all necessary information. *See* Rule 2(c), Rules Governing § 2254 Cases.

Since commencing this action with the April 11, 2011 petition, petitioner appears to have attempted to supplement his original filing with additional petitions and letters. *See* Dckt. Nos. 4, 8, 9. Petitioner is hereby informed that he may not amend his petition through supplemental filings, rather, any amended petition must be complete in itself without reference to any prior filing. Moreover, to the extent petitioner wishes to challenge the conditions of his confinement, he must first exhaust his administrative remedies at his place of confinement and then commence a civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983. He may not challenge the conditions of his confinement in this habeas proceeding.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend.

2. Petitioner has 30 days from the date of this order to file an amended petition, using this court's form for habeas corpus application and stating all claims and prayers for relief on the form. Any amended petition must bear the docket number assigned to this action and be labeled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

////

////

      3.  The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: May 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3